OPINION

Per Curiam:

This is a proper person appeal from an order of the district court denying appellant’s post-conviction petition for a writ of habeas corpus.
On September 21, 1993, the district court convicted appellant, pursuant to a guilty plea, of one count of first degree kidnapping. The district court sentenced appellant to serve a term of thirty years in the Nevada State Prison. The district court ordered the sentence to run consecutively to a term imposed in another case. No direct appeal was taken.
On March 23, 1994, appellant filed in the district court a post-conviction petition for a writ of habeas corpus. On April 20, 1994, the district court summarily denied appellant’s petition. This appeal followed.
In his petition, appellant contended he should be permitted to withdraw his guilty plea because his plea was not knowingly and voluntarily entered. Specifically, appellant argued that his plea agreement provided that he would be eligible for parole from his thirty year sentence after serving five years of the sentence and that he has now discovered that he is not eligible for parole until he serves one-third, or ten years, of his sentence. Therefore, appellant argues, his plea was not knowingly entered because he was misled as to when he would be eligible for parole.
NRS 200.320(2) (emphasis added) provides the following:
Where the kidnaped person suffers no substantial bodily harm by reason of such kidnaping, the person found guilty of such kidnaping shall be punished by imprisonment in the *1338 state prison for life or for a definite term of not less than 5 years. Under either sentence, eligibility for parole begins when a minimum of 5 years has been served.
Pursuant to NRS 200.320(2), appellant is eligible for parole after serving five years of his thirty year sentence. The plea agreement correctly reflects the statutory mandate of when appellant is eligible for parole. Appellant was not misled as to when he would be eligible for parole. Accordingly, appellant’s contentions concerning the voluntariness of his plea lack merit.
Documents submitted by appellant in support of his petition suggest that the Board of Parole Commissioners erroneously believes that appellant must serve one-third, or ten years, of his sentence before he is eligible for parole. Presumably the Board has relied on NRS 213.120 in making that determination. NRS 213.120 (emphasis added) provides that “[ejxcept as otherwise provided in NRS 213.1213 and as limited by statute for certain specified offenses, a prisoner may be paroled when he has served one-third of the definite period of time for which he has been sentenced pursuant to NRS 176.033, less good time credits.” Because appellant was sentenced pursuant to NRS 200.320, which defines a specific term for parole eligibility, NRS 213.120 is inapplicable to appellant’s eligibility for parole. If the Board of Parole Commissioners continues to insist that appellant serve ten years of his sentence before considering appellant eligible for parole, appellant’s remedy is to petition the district court for a writ of mandamus to compel the Board to conduct a hearing.
Having reviewed the record on appeal, we conclude that the district court properly concluded that appellant’s plea was knowingly and voluntarily entered. We conclude that appellant cannot demonstrate error in this appeal, and that briefing and oral argument are unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), cert. denied, 423 U.S. 1077 (1976).[1]

 Although appellant has not been granted permission to file documents in this matter in proper person, see NRAP 46(b), we have received and considered appellant’s proper person documents. We have received appellant’s proper person opening brief.